PEOPLE'S NATIONAL BANK OF MIDDLETOWN *vs.*
WM. H. HOUSTON.

New Castle County, May Term, 1895.

**Negotiable Instrument. Evidence.**--In an action on a promissory note against an endorser, payable at a particula¹ bank where the narr. alleges presentment for payment to the defendant, evidence of presentment for payment at the bank at maturity is inadmissible.

**Same.**--The notes sued upon, copies of which were filed as a bill of particulars, showed "protest waived." It was *held* that the waiver of protest not being alleged in the counts on the notes, could not be proved.

**Pleading.**--In a suit upon promissory notes, a waiver of protest, if relied upon as

an excuse for not presenting the notes for payment must be alleged in the narr.

This was an action of assumpsit by the indorsee against the indorser on four promissory notes.

The *narr* contained a special count upon each note and the common counts were also added.

The defendant refused to plead until the plaintiff should have filed full particulars of his demand under the counts in *indebitatus assumpsit*. The defendant thereupon filed, as a bill of particulars, copies of the four promissory notes made by George H. Houston to the order of William H. Houston, payable at the People's National Bank of Middletown, indorsed W. H. Houston, with the further endorsement, viz.: " Protest waived. W. H. Houston."

The pleas were *non assumpsit*, payment, set off, statute of limitations and accord and satisfaction by the maker of each of said promissory notes.

At the trial, George D. Kelley, cashier of the bank was called as a witness for the plaintiff. The notes were produced and executions and indorsements proven. The witness was then asked, by *M. B. Burris* for plaintiff, " Were each of the notes in question presented at the People's National Bank of Middletown for payment at the time of maturity ?"

*L. C. Vandegrift*, for the defendant, objected to the question, upon the ground that there was no allegation in the *narr* that the notes were presented for payment, at the People's National Bank of Middletown, the place where the maker said they should be presented and where they were made payable ; but the allegation in the *narr* was that they were presented to William H. Houston, the defendant, for payment. Thus the counsel for the plaintiff was undertaking to vary his proof from the allegation in his *narr* Bank of Wilmington & Brandywine vs. Cooper's Administrators, 1 Harring. 10.

The objection was sustained, LORE, C. J., dissenting.

The further question was then asked, " Did Mr. Houston sign that waiver of protest?" This was objected to by *Mr. Vandegrift* upon the same ground, and also upon the further ground that if the plaintiff has any excuse for not presenting the note for payment at the place designated by the maker, it should have been alleged in the *narr.*

LORE, C. J. A majority of the Court rule these questions out.

Upon application of counsel for plaintiff, leave to amend was granted upon payment of costs of the term, and thereupon a juror was withdrawn and the case was continued.